UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CEASAR VELAZQUEZ, on behalf of himself and all others similarly situated, 37 Georgian Court Apt. L Bergenfield, New Jersey 07621<br><br>Plaintiff,<br><br>v.<br><br>A-TECH ELECTRIC, INC. 74 Railroad Avenue Paterson, New Jersey  07501<br><br>and<br><br>VERTICAL SOLUTIONS, INC 74 Railroad Avenue Paterson, New Jersey  07501<br><br>and<br><br>JOHN DOES 1-10<br><br>Defendants. | COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br><br>Civil Action No.: 2:15-cv-03624 KSH-CLW<br><br><br>**ANSWER AND DEFENSES** |

Defendant, A-Tech Electric, Inc. ("Defendant A-Tech"), by and through its attorneys, Jackson Lewis P.C., by way of response to the Complaint filed by Ceasar Velazquez ("Plaintiff"), answers as follows:

### INTRODUCTION

1.  Defendant A-Tech admits only that Plaintiff purports to bring this action under the Fair Labor Standards Act, but denies the allegations contained in paragraph 1 of the Introduction Section of the Complaint.

### JURISDICTION AND VENUE

2.  Defendant A-Tech repeats and realleges its answer to the aforementioned paragraph as though fully set forth in response to paragraph 1 of the Complaint.

3. The allegations set forth in paragraph 3 of the Jurisdiction and Venue section of the Complaint are a description of the action and legal conclusions, not factual assertions to which no response is required. To the extent that a response is required, Defendant A-Tech denies the allegations set forth in this paragraph.

4. The allegations set forth in paragraph 4 of the Jurisdiction and Venue section of the Complaint are a description of the action and legal conclusions, not factual assertions to which no response is required. To the extent that a response is required, Defendant A-Tech denies the allegations set forth in this paragraph.

5. The allegations set forth in paragraph 5 of the Jurisdiction and Venue section of the Complaint are a description of the action and legal conclusions, not factual assertions to which no response is required. To the extent that a response is required, Defendant A-Tech denies the allegations set forth in this paragraph.

## PARTIES

6. Defendant A-Tech repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraphs 1 through 6 of the Complaint.

7. Defendant A-Tech denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Parties section of the Complaint.

8. Defendant A-Tech admits that Defendant A-Tech Electric, Inc. is a corporation doing business in the State of New Jersey.

9. Defendant A-Tech admits that Defendant Vertical Solutions, Inc. is a corporation doing business in the State of New Jersey.

10. The allegations set forth in paragraph 10 of the Parties section of the Complaint are a description of the action and legal conclusions, not factual assertions to which a

response is required. To the extent that a response is required, Defendant A-Tech denies the allegations set forth in this paragraph.

11. Defendant A-Tech denies the allegations contained in paragraph 11 of the Parties section of the Complaint.

12. The allegations contained in paragraph 12 of the Parties section of the Complaint are directed at unnamed individual Defendants, for whom no response is required by Defendant A-Tech. To the extent that a response may be required, Defendant A-Tech denies the allegations set forth in this paragraph.

13. The allegations contained in paragraph 14 of the Parties section of the Complaint are directed at unnamed individual Defendants, for whom no response is required by Defendant A-Tech. To the extent that a response may be required, Defendant A-Tech denies the allegations set forth in this paragraph.

14. Defendant A-Tech denies the allegations contained in paragraph 14 of the Parties section of the Complaint.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

15. Defendant A-Tech denies the allegations contained in paragraph 15 of the FLSA Collective Action Allegations section of the Complaint.

16. Defendant A-Tech denies the allegations contained in paragraph 16 of the FLSA Collective Action Allegations section of the Complaint.

17. Defendant A-Tech denies the allegations contained in paragraph 17 of the FLSA Collective Action Allegations section of the Complaint.

18. Defendant A-Tech denies the allegations contained in paragraph 18 of the FLSA Collective Action Allegations section of the Complaint.

19. Defendant A-Tech denies the allegations contained in paragraph 19 of the FLSA Collective Action Allegations section of the Complaint.

20. Defendant A-Tech denies the allegations contained in paragraph 20 of the FLSA Collective Action Allegations section of the Complaint.

## FACTUAL BACKGROUND

21. Defendant A-Tech repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraphs 1 through 21 of the Complaint.

22. Defendant A-Tech admits the allegations contained in paragraph 22 of the Factual Background section of the Complaint.

23. Defendant A-Tech denies the allegations contained in paragraph 23 of the Factual Background section of the Complaint.

24. Defendant A-Tech denies the allegations contained in paragraph 24 of the Factual Background section of the Complaint.

## COUNT I
### Fair Labor Standards Act ("FLSA")
### (Failure to pay Overtime Compensation)
### (Named Plaintiff and Plaintiffs v. Defendants)

25. Defendant A-Tech repeats and realleges its answers to the aforementioned paragraphs as though fully set forth in response to paragraphs 1 through 24 of the Complaint.

26. Defendant A-Tech admits the allegations contained in paragraph 26 of Count I of the Complaint.

27. Defendant A-Tech denies the allegations contained in paragraph 27 of Count I of the Complaint.

28. Defendant A-Tech denies the allegations contained in paragraph 28 of Count I of the Complaint.

29. The allegations set forth in paragraph 29 of Count I of the Complaint are legal conclusions, not factual assertions to which a response is required. To the extent that a response may be required, Defendant A-Tech denies the allegations set forth in this paragraph.

30. Defendant A-Tech denies the allegations contained in paragraph 30 of Count I of the Complaint.

31. Defendant A-Tech denies the allegations contained in paragraph 31 of Count I of the Complaint.

32. Defendant A-Tech denies the allegations contained in paragraph 32 of Count I of the Complaint.

### AS AND FOR A FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE

Plaintiff is not entitled to have matters of law tried to a jury, and Plaintiff's demand for a jury trial should be so limited.

### AS AND FOR A THIRD DEFENSE

Plaintiff is not entitled to overtime compensation because he was exempt from overtime compensation in accordance with the FLSA, its accompanying regulations, including but not limited to, including *bona fide* executive (29 C.F.R. §541.100), administrative (29 C.F.R. §541.200), or professional capacity (29 C.F.R. §541.300) exemptions (or a combination thereof) pursuant to 29 U.S.C. §213(a)(1).

### AS AND FOR A FOURTH DEFENSE

Defendant A-Tech believed in good faith and had reasonable grounds for believing that Plaintiff was exempt from the overtime required of the FLSA.

### AS AND FOR A FIFTH DEFENSE

Plaintiff's claims for liquidated damages under the FLSA fail because all decisions regarding Plaintiff's compensation were made in good faith, based upon reasonable grounds, and with the intent to comply with the FLSA.

### AS AND FOR A SIXTH DEFENSE

Because Plaintiff's Complaint is phrased in conclusory terms, Defendant A-Tech cannot fully anticipate all defenses which may be application to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

### AS AND FOR A SEVENTH DEFENSE

Any award to Plaintiff or the putative class for the causes of action alleged would result in an unjust enrichment to Plaintiff or the putative class.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment.

### AS AND FOR A NINTH DEFENSE

The Complaint should be dismissed, in whole or in part, because the types of claims alleged by Plaintiff are matters in which individuals questions of fact and proof of damages predominate, defeating the purported efficiency of the collection action device.

### AS AND FOR A TENTH DEFENSE

Defendant A-Tech did not willfully deprive Plaintiff of any wages.

### AS AND FOR AN ELEVENTH DEFENSE

Plaintiff is not entitled to recovery because any alleged acts or omissions were made by Defendant A-Tech in good faith in conformity with their reliance on applicable administrative regulations, orders, rulings, approvals, or interpretations, or administrative

practices or enforcement policies with respect to the type of employers to which Defendant A-Tech belongs.

### AS AND FOR A TWELFTH DEFENSE

All or some of the claims in the Complaint are barred by the applicable statute of limitations.

### AS AND FOR A THIRTEENTH DEFENSE

Plaintiff received all wages, payments, benefits and compensation to which he was entitled.

### AS AND FOR A FOURTEENTH DEFENSE

To the extent Plaintiff's Complaint remains vague and ambiguous, Plaintiff should provide Defendant A-Tech with a more definitive statement of the facts that form the basis for the legal claims against Defendant A-Tech. Defendant A-Tech reserves the right to supplement or amend its Answer and Defenses upon any such clarification.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiff is not an adequate representative of the putative collection action and, as such, the Court should not authorize notice to be issued or certification (conditional or otherwise).

### AS AND FOR A SIXTEENTH DEFENSE

Defendant A-Tech intends to rely upon such other defenses and affirmative defenses as may become available or appear apparent during discovery of this matter.

### AS AND FOR A SEVENTEENTH DEFENSE

Should this Honorable Court certify this matter (conditionally or otherwise) as a collective action, Defendant A-Tech reasserts each of these defenses with respect to each person filing a consent in this action.

### AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiff's claims are barred by application of the doctrine of payment. Plaintiff and all other persons on whose behalf Plaintiff seeks to assert a claim have been paid all wages due.

### AS AND FOR A TWENTIETH DEFENSE

To the extent liability is established, Defendant A-Tech's conduct is not willful and, therefore, Plaintiff's claims are subject to a two-year statute of limitations pursuant to 29 U.S.C. §255(a).

### AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiff is not similarly situated to other employees and is not a proper representative of the individuals Plaintiff purports to represent and, accordingly, this action is not properly brought as a collective or class action.

WHEREFORE, Defendant A-Tech respectfully requests that this Court:

a.  Dismiss the Complaint in its entirety;

b.  Deny each and every demand, claim and prayer for relief contained in the Complaint;

c.  Award to Defendant A-Tech reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

    d.    Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890

Dated: July 17, 2015

By: /s/ Diane M. Shelley, Esq.
Diane M. Shelley, Esq.
Robyn L. Aversa, Esq.
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT
A-TECH ELECTRIC, INC.

318121
4814-0232-0421, v. 1