## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAESAR VELAZQUEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>A-TECH ELECTRIC, INC.<br><br>and<br><br>VERTICAL SOLUTIONS, INC.<br><br>and<br><br>JOHN DOES 1-10,<br><br>          Defendants. | COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br><br>Civil Action No. 2:15-cv-03624-KSH/CLW<br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, Vertical Solutions, Inc. ("Vertical Solutions"), by and through its counsel, Freeman Mathis & Gary, LLP, by way of response to the Complaint filed by Caesar Velazquez ("Plaintiff"), answer as follows:

## INTRODUCTION

1.     Defendant admits only that Plaintiff purports to bring this action under the Fair Labor Standards Act, but denies the allegations contained in paragraph 1 of the Introduction Section of the Complaint.

## JURISDICTION AND VENUE

2.     Defendant repeats and re-alleges its answer to the preceding paragraph as though fully set forth herein.

3.     The allegations set forth in paragraph 3 of the Jurisdiction and Venue section of the Complaint are a description of the action and legal conclusions, not factual

assertions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

4.    The allegations set forth in paragraph 4 of the Jurisdiction and Venue section of the Complaint are a description of the action and legal conclusions, not factual assertions to which no response is required, To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

5.    The allegations set forth in paragraph 5 of the Jurisdiction and Venue section of the Complaint are a description of the action and legal conclusions, not factual assertions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

## **PARTIES**

6.    Defendant repeats and re-alleges its answer to the preceding paragraphs as though fully set forth herein..

7.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Parties section of the Complaint.

8.    The allegations of this paragraph are not directed at answering defendant and therefore, Vertical Solutions denies same.

9.    Defendant admits that Defendant Vertical Solutions, Inc. is a corporation licensed to do business in the State of New Jersey.

10.    The allegations set forth in paragraph 10 of the Parties section of the Complaint are a description of the action and legal conclusions, not factual assertions to which a response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

2

1350449_1.docx

11.     Defendant denies the allegations contained in paragraph 11 of the Parties section of the Complaint.

12.     The allegations contained in paragraph 12 of the Parties section of the Complaint are directed at an unnamed individual Defendant, for whom no response is required by Defendant. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

13.     The allegations contained in paragraph 13 of the Parties section of the Complaint are directed at unnamed individual Defendant, for whom no response is required by Defendant. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

14.     Defendant denies the allegations contained in paragraph 14 of the Parties section of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Defendant denies the allegations contained in paragraph 15 of the FLSA Collective Action Allegations section of the Complaint as conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

16.     Defendant denies the allegations contained in paragraph 16 of the FLSA Collective Action Allegations section of the Complaint as conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

17.     Defendant denies the allegations contained in paragraph 17 of the FLSA Collective Action Allegations section of the Complaint as conclusions of law to which no

3

1350449_1.docx

response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

18.     Defendant denies the allegations contained in paragraph 18 of the FLSA Collective Action Allegations section of the Complaint as conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

19.     Defendant denies the allegations contained in paragraph 19 of the FLSA Collective Action Allegations section of the Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the FLSA Collective Action Allegations section of the Complaint as conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

## **FACTUAL BACKGROUND**

21.     Defendant repeats and re-alleges their answers to the preceding paragraphs as though fully set forth fully herein.

22.     Defendant admits the allegations contained in paragraph 22 of the Factual Background section of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Factual Background section of the Complaint as conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

24.     Defendant denies the allegations contained in paragraph 24 of the Factual Background section of the Complaint as conclusions of law to which no response is required. To

1350449_1.docx

the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Plaintiffs v. Defendant)**

25.     Defendant repeats and re-alleges their answers to the preceding paragraphs as though fully set forth fully herein.

26.     Defendant admits the allegations contained in paragraph 26 of Count I of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of Count I of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of Count I of the Complaint as conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

29.     The allegations set forth in paragraph 29 of Count I of the Complaint are legal conclusions, not factual assertions to which a response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

30.     Defendant denies the allegations contained in paragraph 30 of Count I of the Complaint as conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

31.     Defendant denies the allegations contained in paragraph 31 of Count I of the Complaint as conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

32.     Defendant denies the allegations contained in paragraph 32 of Count I of the Complaint as conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies the allegations set forth in this paragraph.

WHEREFORE, Defendant respectfully request that this Court:

a.     Dismiss the Complaint in its entirety;

b.     Denies each and every demand, claim and prayer for relief contained in the Complaint;

c.     Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d.     Grant such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to have matters of law tried to a jury, and Plaintiff's demand for a jury trial should be so limited.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to overtime compensation because he was exempt from overtime compensation in accordance with the FLSA, its accompanying regulations, including but not limited to, including *bona fide* executive (29 C.F.R. §541.100), administrative (29 C.F.R. §541200), or professional capacity (29 C.F.R. §541.300) exemptions (or a combination thereof) pursuant to 29 U.S.C. §213(a)(1).

1350449_1.docx

## FOURTH AFFIRMATIVE DEFENSE

Defendant believed in good faith and had reasonable grounds for believing that Plaintiff was exempt from the overtime required of the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated damages under the FLSA fail because all decisions regarding Plaintiff's compensation were made in good faith, based upon reasonable grounds, and with the intent to comply with the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

Because Plaintiff's Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be application to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## SEVENTH AFFIRMATIVE DEFENSE

Any award to Plaintiff or the putative class for the causes of action alleged would result in an unjust enrichment to Plaintiff or the putative class.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment.

## NINTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, because the types of claims alleged by Plaintiff are matters in which individuals questions of fact and proof of damages predominate, defeating the purported efficiency of the collection action device.

## TENTH AFFIRMATIVE DEFENSE

Defendant did not willfully deprive Plaintiff of any wages.

7

1350449_1.docx

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery because any alleged acts or omissions were made by Defendant in good faith in conformity with their reliance on applicable administrative regulations, orders, rulings, approvals, or interpretations, or administrative practices or enforcement policies with respect to the type of employers to which Defendant belong.

## TWELFTH AFFIRMATIVE DEFENSE

All or some of the claims in the Complaint are barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff received all wages, payments, benefits and compensation to which he was entitled.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint remains vague and ambiguous, Plaintiff should provide Defendant with a more definitive statement of the facts that form the basis for the legal claims against Defendant. Defendant reserves the right to supplement or amend its Answer and Defenses upon any such clarification.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate representative of the putative collection action and, as such, the Court should not authorize notice to be issued or certification (conditional or otherwise).

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon such other defenses and affirmative defenses as may become available or appear apparent during discovery of this matter.

8

1350449_1.docx

## SEVENTEENTH AFFIRMATIVE DEFENSE

Should this Honorable Court certify this matter (conditionally or otherwise) as a collective action, Defendant reasserts each of these defenses with respect to each person filing a consent in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by application of the doctrine of payment. Plaintiff and all other persons on whose behalf Plaintiff seeks to assert a claim have been paid all wages due.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent liability is established, Defendant's conduct is not willful and, therefore, Plaintiff's claims are subject to a two-year statute of limitations pursuant to 29 U.S.C. §255(a).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated to other employees and is not a proper representative of the individuals Plaintiff purports to represent and, accordingly, this action is not properly brought as a collective or class action.

WHEREFORE, Defendant respectfully request that this Court:

e.      Dismiss the Complaint in its entirety;

f.      Denies each and every demand, claim and prayer for relief contained in the Complaint;

g.      Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

1350449_1.docx

        h.        Grant such other and further relief as the Court may deem just and proper.


Respectfully submitted,

FREEMAN MATHIS & GARY, LLP


*/s/ Meaghan P. Londergan*
Meaghan P. Londergan, Esquire
Behnam Salehi, Esquire
Freeman Mathis & Gary, LLP
1800 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA 19103
bsalehi@fmglaw.com
mlondergan@fmglaw.com

*Attorneys for Defendant*
*Vertical Solutions, Inc.*

DATED:  July 17, 2015

## <u>CERTIFICATE OF SERVICE</u>

I, Meaghan P. Londergan, Esquire, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses has been served via electronic filing via the courts ECF system upon the following parties:

Richard Malagiere, Esquire
The Law Offices of Richard Malagiere, P.C.
250 Moonachie Road, Suite 102
Moonachie, NJ 07074
rm@malagierelaw.com

and

Diane Shelley, Esquire
Jackson Lewis P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
ShelleyD@JacksonLewis.com


*/s/ Meaghan P. Londergan*_____
Meaghan P. Londergan, Esquire